V. James DeSimone (SBN: 119668)
**vjdesimone@gmail.com**
Ryann E. Hall (SBN: 306080) Of-Counsel
**rhall@bohmlaw.com**
**V. JAMES DESIMONE LAW**
13160 Mindanao Way, Suite 280
Marina del Rey, California 90292
Telephone:  310.693.5561
Facsimile:   323.544.6880
Email: **VJD000078@bohmlaw.com**

Attorneys for Plaintiff,
GUSTAVO FLORES

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUSTAVO FLORES<br><br>        Plaintiff,<br><br>        v.<br><br>CITY OF LOS ANGELES, a municipal entity; CHIEF MICHEL MOORE, in his individual and official capacity; and DOES 1 through 100, inclusive,<br><br>        Defendants. | Case No.: 2:21-cv-5387<br><br>**PLAINTIFF'S VERIFIED COMPLAINT FOR DAMAGES:**<br>1. **First Amendment Violation (42 U.S.C. 1983)**<br>2. **Fourth Amendment Violation (42 U.S.C. 1983)**<br>3. **Municipal Liability for Unconstitutional Custom, Practice, or Policy (42 U.S.C. § 1983)**<br>4. **Violation of Bane Civil Rights Act (Civil Code § 52.1)**<br>5. **Assault and Battery**<br>6. **Negligence**<br>7. **Intentional Infliction of Emotional Distress**<br>8. **Negligent Infliction of Emotional Distress**<br><br>**DEMAND FOR JURY TRIAL** |

1

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

*Flores v. City of Los Angeles, et al.*                    V. James DeSimone, Esq.
Case No.: 2:21-cv-5387                              Ryann E. Hall, Esq.

Plaintiff, GUSTAVO FLORES (hereinafter "PLAINTIFF" or "Mr. FLORES"), for his complaint against DEFENDANTS CITY OF LOS ANGELES (hereinafter "CITY OF LOS ANGELES" or "CITY"), Police Chief MICHEL MOORE (hereinafter "MOORE"), and DOES 1-100 (hereinafter collectively DEFENDANTS), inclusive, alleges as follows:

## NATURE OF ACTION

1.    This is an action seeks compensatory and punitive damages from DEFENDANTS for violating various rights under state law in connection with officers' unjustified assault and use of force of Mr. FLORES by DEFENDANT DOES 1-10 of the Los Angeles Police Department (hereinafter "LAPD").

2.    This action arises out of protests across the United States and other nations following the murder of George Floyd by officers with the Minneapolis Police Department.  After the deaths of Breonna Taylor and Ahmaud Arbery and others, hundreds of thousands of people around the country and globe simultaneously expressed the collective condemnation for the deaths of Black, Indigenous and People of Color (hereinafter "BIPOC") men and women at the hands of law enforcement and vigilantes condoned by local law enforcement and their support for the Black Lives Matter movement.  Large demonstrations occurred in the Los Angeles area, and the vast majority of the participants were peaceful, principled individuals exercising their First Amendment Right to assemble to seek redress for grievances. Over the course of approximately a week, the Los Angeles Police Department arrested more than 2600 individuals engaged in peaceful protest, shot directly at unarmed and peaceful citizens with "non-lethal" metal bullets encased in rubber or other material, used excessive force with batons and engaged in reckless and unreasonable conduct with their vehicles causing injury and harm.

3.    The CITY OF LOS ANGELES has been repeatedly sued for the tactics the LAPD engaged in over the course of the above-mentioned arrests.  The LAPD displayed tactics including, but not limited to, excessive force with reckless

2

1   operation of a police vehicle, and neglecting to provide care for injured citizens.

2       4.    DEFENDANTS DOES 1-10 are directly liable for PLAINTIFF's

3   injuries under state law pursuant to California Government Code § 820.

4       5.    DEFENDANTS, CITY OF LOS ANGELES, MOORE, and DOES 1-

5   10 also proximately caused Mr. FLORES' injuries and are liable under state law

6   pursuant to California Government code §§ 815.2 and 820.

7       6.    DEFENDANTS DOES 1-5 ("DOE OFFICERS") are directly liable for

8   PLAINTIFF's injuries under federal law pursuant to 42 U.S.C. § 1983.

9       7.    DEFENDANTS, CITY and DOES 6-10 also proximately caused

10   PLAINTIFF's injuries and are liable under state and federal law and under

11   principles set forth in *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

12       8.    DEFENDANT CITY OF LOS ANGELES ("CITY") by summarily

13   rejecting Mr. FLORES's Claim for Damages, has proved unwilling to accept

14   responsibility for the wrong committed by its officers. The CITY continues to

15   violate its citizens' rights by ignoring the allegations and preventing these incidents

16   from happening.

17       9.    The policies and customs behind assaulting peacefully protesting

18   civilians such as Mr. FLORES, are fundamentally unconstitutional and constitute a

19   menace of major proportions to the public.  Accordingly, insofar as Mr. FLORES

20   herein seeks by means of this action to hold accountable those responsible for the

21   unjustified assault, use of force, and failure to provide proper emergency care of

22   Mr. FLORES.

23   **PARTIES AND THEIR AGENTS**

24       10.    PLAINTIFF GUSTAVO FLORES is a twenty-year-old man, and at

25   all times mentioned in this Complaint was a resident of the County of Los

26   Angeles, California.

27       11.    PLAINTIFF is informed and believed DOES 1-10 are individuals

28   living in the County of Los Angeles, California.  At all relevant times, DOES 1-10

**PLAINTIFF'S COMPLAINT FOR DAMAGES**
*Flores v. City of Los Angeles, et al.*    V. James DeSimone, Esq.
Case No.: 2:21-cv-5387    Ryann E. Hall, Esq.

1   were public employees and agents of DEFENDANT CITY OF LOS ANGELES

2   and were acting with the course and scope of their respective duties as police

3   officers and with complete authority and ratification of their principal

4   DEFENDANT CITY OF LOS ANGELES.

5       12.   At all relevant times, DEFENDANTS DOES 1-10 were duly

6   appointed officers and/or employees or agents of the CITY OF LOS ANGELES

7   subject to oversight and supervision by CITY OF LOS ANGELES' elected and

8   non-elected officials.

9       13.   PLAINTIFF is informed and believes, and thereon alleges, that DOES

10   1-10 were agents, servants, and employees of DEFENDANT CITY OF LOS

11   ANGELES and/or the LAPD.  PLAINTIFF is ignorant of the true names and

12   capacities of DEFENDANTS sued herein as DOES 1-100, inclusive, and therefore

13   sue these DEFENDANTS by such fictitious names.  PLAINTIFF will amend this

14   Complaint to allege their true names and capacities when ascertained. As such, the

15   individual DOE DEFENDANTS are sued in both their individual and official

16   capacities.

17       14.   In doing the acts and failing and omitting to act as hereinafter

18   described, DEFENDANTS DOES 1-10 were acting on the implied and actual

19   permission and consent of CITY OF LOS ANGELES and MOORE.

20       15.   DEFENDANT CITY OF LOS ANGELES is a municipal corporation

21   duly organized and existing under the Constitution and laws of the State of

22   California. LAPD is a local government entity and an agency of CITY OF LOS

23   ANGELES, and all actions of the LAPD are the legal responsibility of the CITY

24   OF LOS ANGELES. CITY OF LOS ANGELES is sued in its own right on the basis

25   of its policies, customs, and practices that gave rise to PLAINTIFF's federal rights

26   claims.

27       16.   DEFENDANT MICHEL MOORE is, and was, at all times relevant to

28   this action, the LAPD police chief and a policymaker for his department.  He is sued

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

*Flores v. City of Los Angeles, et al.*                                    V. James DeSimone, Esq.
Case No.: 2:21-cv-5387                                                      Ryann E. Hall, Esq.

in both his individual and official capacities.

17.     All DEFENDANTS who are natural persons, including DOES 1-10, are sued individually and/or in his/her official capacity as officers, sergeants, captains, commanders, supervisors, and/or civilian employees, agents, policy makers, and representatives for the CITY OF LOS ANGELES.

18.     DEFENDANTS are liable for PLAINTIFF's injuries under California law and under the doctrine of *respondeat superior*.  Liability under California law for public entities and public employees is based upon California Government Code §§ 815.2 and 820.

19.     At all times mentioned herein, each and every DEFENDANT was the agent of each and every other DEFENDANT and had the legal duty to oversee and supervise the hiring, conduct and employment of each and every DEFENDANT herein.

20.     On or around November 16, 2020, PLAINTIFF filed comprehensive and timely claims for damages in accordance with Government Code §§ 910 and 911.2.

21.     On February 3, 2021, PLAINTIFF received formal notice from the CITY OF LOS ANGELES that his claim was denied.

22.     Finally, at all relevant times mentioned herein, all DEFENDANTS acted as agents of all other DEFENDANTS in committing the acts alleged herein.

## JURISDICTION AND VENUE

23.     This Court has subject matter jurisdiction over the PLAINTIFF's claims pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343 (civil rights jurisdiction).  This Court has jurisdiction to issue declaratory or injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202 and Federal Rule of Civil Procedure 57.

24.     Venue is proper in the Central District of California pursuant to 28 U.S.C. § 1391, as all DEFENDANTS and the events giving rise to the claims herein

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

*Flores v. City of Los Angeles, et al.*                                          V. James DeSimone, Esq.
Case No.: 2:21-cv-5387                                                          Ryann E. Hall, Esq.

1  occurred in the Central District of California.

2  **FACTS COMMON TO ALL CAUSES OF ACTION**

3  25.   PLAINTIFF repeats and re-alleges each and every allegation in the

4  forgoing paragraphs of this Complaint with the same force and effect as if fully set

5  forth herein.

6  26.   PLAINTIFF GUSTAVO FLORES is a twenty-year-old man who

7  currently, and at times relevant to this Complaint, resides in Los Angeles County,

8  California.

9  27.   On May 31, 2020, at approximately 3:00 p.m., Gustavo FLORES' foot

10  was run over by an LAPD patrol cruiser during peaceful protests in downtown Los

11  Angeles following the deadly arrest of George Floyd in Minneapolis.

12  28.   On May 25, 2020, Minneapolis Police Officer Derek Chauvin, along

13  with two other officers, held George Floyd on the ground, handcuffed behind his

14  back, and ignored pleas to get off his neck, back and legs and let him breathe.

15  Officer Chauvin kept his knee on Floyd's neck for 8 minutes, forty-six seconds.  As

16  a result, Mr. Floyd died on the street in Minneapolis.

17  29.   Both the Minneapolis law enforcement and prosecutors as well as the

18  public, concluded that George Floyd was the latest person to die at the hands of

19  police because of deliberate and unlawful tactics of law enforcement largely

20  because of extensive video by onlookers, security cameras, including police body

21  cameras.

22  30.   In Los Angeles, tens of thousands of people participated in lawful and

23  peaceful protest as part of an extraordinary reaction of protests across the country

24  and around the world.  Individuals in the protests expressed their ideas in different

25  forms.

26  31.   DEFENDANTS reacted to protests, regardless of form or application,

27  by employing expansive curfews and arrests for allegedly failing to comply with

28  curfews, failing to disperse, unlawful assembly, failure to follow a "lawful" order

6

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

*Flores v. City of Los Angeles, et al.*                                    V. James DeSimone, Esq.
Case No.: 2:21-cv-5387                                                     Ryann E. Hall, Esq.

1   of an officer, and similar misdemeanors undermining the right to engage in
2   protected expressive activity in public spaces.

3       32.    California Penal Code § 409, which defines an unlawful assembly, has
4   been repeatedly construed to require a showing of imminent violence that so
5   permeates a lawful expressive activity that law enforcement may curtail the rights
6   of all. In this instance, those facts did not exist.

7       33.    On May 31, 2020, Mr .FLORES was walking near the intersection of
8   Hill Street and 5th Street near Pershing Square. Mr. FLORES was on the phone with
9   a friend who was part of the peaceful protest. Mr. FLORES was trying to locate his
10  friends so they could protest together. Believing he located his friends, Mr.
11  FLORES began running in the street to meet up with them. Other protestors were
12  walking in the same area.

13      34.    Without any cause or provocation, an LAPD officer abruptly
14  accelerated his SUV patrol vehicle and ran over Mr. FLORES's right foot while
15  knocking Mr. FLORES to the ground. The Officer hit other protestors as well. No
16  lights or sirens were deployed by the Officer.

17      35.    Since Mr. FLORES was on the phone, his glass screen shattered in his
18  palm and left scratches throughout his hand. The Officer then reversed and sped
19  away without checking on Mr. FLORES or ascertaining if he needed any assistance.
20  The Officer was driving a vehicle with the number 495 0.1 on its roof.

21      36.    Mr. FLORES was able to get out of the street. Once in a safe location,
22  an individual who identified himself as a paramedic looked at Mr. FLORES' foot
23  and advised Mr. FLORES that his foot did not appear broken but that he should ice
24  it and rest.

25      37.    The incident caused Mr. FLORES's foot to swell for weeks and left
26  lacerations on his hand. As a result of the injures, Mr. FLORES had difficulty
27  walking and could not work for two weeks as a delivery driver, as he was still
28  suffering from residual pain.

7

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

38.   Mr. FLORES continues to experience pain his foot.

39.   LAPD's aggressive and excessive treatment of Mr. FLORES has caused him trauma, physical pain, mental harm, and emotional distress. LAPD's conduct was part of a pattern and practice of the use of excessive force against protestors to deny, and to retaliate against them for exercising their Constitutional rights. The individual officers involved were acting under color of state law and in the course and scope of employment when they intentionally and/or negligently caused harm to Mr. FLORES.

40.   The CITY OF LOS ANGELES, through CHIEF MOORE and the LAPD, has failed to train its officers in the constitutional response to peaceful demonstrations as revealed by the above-described allegations.  DEFENDANTS have a custom of using excessive force against peaceful protestors, ramming police vehicles into people participating peacefully at lawful assemblies and applying policies and sanctioning actions that cause severe injury and permanent damage, without warning or command, based on specious group "suspicion."  The CITY OF LOS ANGELES has been aware of deficiencies in its training since at least 2000 followed by settlement agreements in June 2005 and June 2009 to revise policies and training.  Yet the unlawful crowd control, excessive use of force, *inter alia*, DEFENDANTS currently employ fail constitutional requirements.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE FIRST AMENDMENT TO THE U.S. CONSTITUTION

### (42 U.S.C. § 1983)

### (AGAINST ALL DEFENDANTS)

41.   The allegations set forth in this complaint are hereby re-alleged and incorporated by reference.

42.   This cause of action is asserted against DEFENDANTS CITY OF LOS ANGELES, CHIEF MICHEL MOORE, and DOES 1-10.

43.     DEFENDANT's conduct, described above, violated PLAINTIFF's rights to freedom of speech, assembly, and association under the First Amendment to the United States Constitution.  The LAPD Officer using his vehicle as a weapon against peaceful protestors acted with unreasonable and excessive force under the totality of the circumstances.

44.     The DEFENDANTS employed the above-mentioned tactics under baseless speculation of some potential unlawful activity by some unknown individual(s). On information and belief, the LAPD officer was not disciplined for the use of force on May 31, 2020, against PLAINTIFF.

45.     DEFENDANT CHIEF MOORE has failed to impose adequate discipline on his officers, including the responsible DEFENDANT OFFICER DOE, who committed these unlawful uses of excessive force with reckless disregard for human life and safety, creating a culture of impunity within the LAPD that encourages such violence and incidents of unreasonable force against the public.

46.     As a result of the unprovoked, unjustified and unreasonable use of force against PLAINTIFF by DEFENDANT OFFICER DOE, PLAINTIFF sustained injuries to his entire body, including his head, neck, back, and legs. As a result of the foregoing, PLAINTIFF suffered, and continues to suffer from physical injuries, and sickness, physical and emotional pain, anguish, and distress and psychological injury.

47.     Plaintiff seeks attorney fees under this claim pursuant to 42 U.S.C. Section 1988.

///
///
///
///
///
///

9

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

**SECOND CAUSE OF ACTION**

**VIOLATION OF THE FOURTH AMENDMENT TO THE U.S. CONSTITUTION**

**(42 U.S.C. § 1983)**

**(AGAINST ALL DEFENDANTS)**

48.     The allegations set forth in this complaint are hereby re-alleged and incorporated by reference.

49.     This cause of action is asserted against DEFENDANTS CITY OF LOS ANGELES, CHIEF MICHEL MOORE, and DOES 1-10.

50.     DEFENDANT's conduct, described above, violated PLAINTIFF's rights under the Fourth Amendment to the United States Constitution to be to be free from unreasonable force under the Fourth Amendment to the United States Constitution.  The LAPD Officer using his vehicle as a weapon against peaceful protestors acted with unreasonable and excessive force under the totality of the circumstances.  When Mr. FLORES ran down the street with numerous protestors near Pershing Square in Los Angeles, LAPD officers used violent and excessive force against Mr. FLORES who had arrived to protest peacefully and lawfully. LAPD used excessive force violently driving a police vehicle over Mr. FLORES's right foot, resulting in multiple immediate and long-lasting physical injuries and mental and emotional distress when attempting to exercise his First Amendment Rights.

51.     The DEFENDANTS employed the above-mentioned tactics under baseless speculation of some potential unlawful activity by some unknown individual(s). On information and belief, the LAPD officer was not disciplined for the use of force on May 31, 2020 against PLAINTIFF.

52.     DEFENDANT CHIEF MOORE has failed to impose adequate discipline on his officers, including the responsible DEFENDANT OFFICER DOE, who committed these unlawful uses of excessive force with reckless disregard for

1    human life and safety, creating a culture of impunity within the LAPD that
2    encourages such violence and incidents of unreasonable force against the public.

3        53.    As a result of the unprovoked, unjustified and unreasonable use of
4    force against PLAINTIFF by DEFENDANT OFFICER DOE, PLAINTIFF
5    sustained injuries to his entire body, including his head, neck, back, and legs. As a
6    result of the foregoing, PLAINTIFF suffered, and continues to suffer from physical
7    injuries, and sickness, physical and emotional pain, anguish, and distress and
8    psychological injury.

9        54.    Plaintiff seeks attorney fees under this claim pursuant to 42 U.S.C.
10   Section 1988.

### THIRD CAUSE OF ACTION

### MUNICIPAL LIABILITY FOR UNCONSTITUTIONAL CUSTOM

### OR POLICY (42 U.S.C. § 1983)

### (ALL DEFENDANTS)

15       55.    The allegations PLAINTIFF sets forth in this complaint are hereby re-
16   alleged and incorporated by reference.

17       56.    DEFENDANT OFFICER DOE's use of force against Mr. FLORES on
18   May 31, 2020, who was unarmed, had committed no crime, and was not resisting
19   was found to be within CITY Police Department Policy.

20       57.    Eyewitness accounts, video footage, and/or media coverage display
21   irrefutable evidence of the DEFENDANT running over Mr. FLORES's foot with
22   his police vehicle on May 31, 2020.

23       58.    On information and belief, DEFENDANT OFFICER DOE was not
24   disciplined for the use of force and reckless disregard for human life and safety on
25   May 31, 2020.

26       59.    DEFENDANT CHIEF MOORE has failed to impose adequate
27   discipline on his officers, including DEFENDANT OFFICER DOE, who
28   committed unlawful uses of excessive force and reckless disregard for human life

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

*Flores v. City of Los Angeles, et al.*              V. James DeSimone, Esq.
Case No.: 2:21-cv-5387                      Ryann E. Hall, Esq.

1  and safety, creating a culture of impunity within the LAPD that encourages such
2  violence and incidents of unreasonable force against the public.  CHIEF MOORE's
3  inadequate investigations and the failure to take appropriate corrective action that
4  plagues the LAPD and causes a pattern, policy, and practice of tolerating and
5  encouraging the use of excessive force and reckless disregard for human life and
6  safety.

7       60.    Based on video footage and witnesses' accounts, DEFENDANT
8  OFFICER DOE struck PLAINTIFF with his police vehicle while he walked down
9  a street.

10       61.    On or around May 31, 2020, DEFENDANTS CITY OF LOS
11  ANGELES, CHIEF MOORE, DOE OFFICERS and DOE SUPERVISORS,
12  deprived PLAINTIFF of the rights and liberties secured to him by the First and
13  Fourth Amendments of the United States Constitution, in that said DEFENDANTS
14  and their supervising and managerial employees, agents, and representatives, acting
15  with gross negligence and with reckless and deliberate indifference to the rights and
16  liberties of the public in general, and of PLAINTIFF, and of persons in their class,
17  situation and comparable position in particular, knowingly maintained, enforced
18  and applied an official recognized CITY custom, policy, and practice of:

19       a. Employing and retaining as police officers and other personnel,
20          including DEFENDANT OFFICER DOE, who DEFENDANTS CITY
21          and DOE SUPERVISORS at all times material herein knew or
22          reasonably should have known had dangerous propensities for abusing
23          his authority by using excessive force, and for mistreating citizens by
24          failing to follow written CITY Police Department's policies, including
25          the use of excessive force and reckless disregard for human life and
26          safety;

27       b. Of inadequately supervising, training, controlling, assigning, and
28          disciplining CITY Police Officers, and other CITY personnel,

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

including DEFENDANT OFFICER DOE, who DEFENDANTS CITY and DOE SUPERVISORS each knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits including the propensity for violence, reckless disregard for human life and safety, and the use of excessive force;

c.  By maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling the intentional misconduct by DEFENDANT OFFICER DOE, who is a CITY employee and police officer;

d.  By failing to adequately train officers, including DEFENDANT OFFICER DOE, and failing to institute appropriate policies, regarding constitutional procedures and practices for use of force and reckless disregard for human life and safety;

e.  By failing to discipline CITY police officers' conduct, including DEFENDANT OFFICER DOE, for use of force and reckless disregard for human life and safety;

f.  By ratifying the intentional misconduct of DEFENDANT OFFICER DOE and other police officers, who are police officers of the CITY, and commit unlawful use of force with reckless disregard for human life and safety;

g.  By failing to properly investigate claims of reckless disregard for human life and safety and excessive force by CITY police officers, including DEFENDANT OFFICER DOE; and

h.  By having and maintaining an unconstitutional custom and practice of reckless disregard for human life and safety, using excessive force, failing to obtain medical care, depriving persons of life, liberty, and property so as to shock the conscience, which is also demonstrated by inadequate training regarding these subjects.   The customs and

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

*Flores v. City of Los Angeles, et al.*                                                            V. James DeSimone, Esq.
Case No.: 2:21-cv-5387                                                                                Ryann E. Hall, Esq.

practices of CITY, DOE OFFICERS and DOE SUPERVISORS were done with a deliberate indifference to individuals' safety and rights.

62.     By reason of the aforementioned policies and practices of DEFENDANTS CITY, DEFENDANT CHIEF MOORE and DEFENDANTS DOES, Mr. FLORES was severely injured and subjected to pain and suffering, and extreme and severe emotional distress.

63.     The aforementioned customs and practices of CITY were implemented and/or maintained with deliberate indifference to individuals' safety and rights.

64.     DEFENDANTS CITY, DEFENDANT CHIEF MOORE and DEFENDANTS DOES, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above, these DEFENDANTS condoned, tolerated and through actions and inactions thereby ratified such policies. Said DEFENDANTS also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of PLAINTIFF, and other individuals similarly situation.

65.     By perpetuating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, DEFENDANTS CITY, DEFENDANT CHIEF MOORE and DEFENDANT DOES acted with an intentional, reckless, and callous disregard toward Mr. FLORES, and of the constitutional as well as human rights of PLAINTIFF. DEFENDANTS CITY, DEFENDANT CHIEF MOORE and DEFENDANTS DOES and each of their actions were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities.

66.     Furthermore, the policies, practices, and customs implemented and maintained and still tolerated by DEFENDANTS CITY, DEFENDANT CHIEF

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

*Flores v. City of Los Angeles, et al.*                                              V. James DeSimone, Esq.
Case No.: 2:21-cv-5387                                                              Ryann E. Hall, Esq.

1  MOORE and DEFENDANTS DOES were affirmatively linked to and were a
2  significantly influential force behind the injuries of PLAINTIFF.

3      67.    Accordingly, DEFENDANTS CITY, DEFENDANT CHIEF MOORE
4  and DEFENDANTS DOES each are liable to PLAINTIFF for compensatory
5  damages under 42 U.S.C. § 1983.

6      68.    On information and belief, the aforementioned acts were willful,
7  wanton, malicious and oppressive thereby justifying the awarding of exemplary and
8  punitive damages as to DEFENDANT CHIEF MOORE and DEFENDANTS
9  DOES.

10      69.    Accordingly, DEFENDANTS are each liable to Plaintiffs for
11  compensatory and punitive damages, under 42 U.S.C. § 1983. Plaintiff also seeks
12  reasonable attorneys' fees under this claim.

13      70.    Plaintiff seeks attorney fees under this claim pursuant to 42 U.S.C.
14  Section 1988.

15  **FOURTH CAUSE OF ACTION**
16  **VIOLATION OF BANE ACT (CIVIL CODE § 52.1)**
17  **(AGAINST ALL DEFENDANTS)**

18      71.    The allegations PLAINTIFF sets forth in this complaint are hereby re-
19  alleged and incorporated by reference.

20      72.    This cause of action is asserted against DEFENDANTS CITY OF LOS
21  ANGELES, CHIEF MICHEL MOORE, and DOES 1-10.

22      73.    As alleged herein, DEFENDANTS DOES 1-10, CHIEF MICHEL
23  MOORE, and CITY OF LOS ANGELES interfered by threats, intimidation,
24  coercion, and/or violence with PLAINTIFF's rights under state and federal laws
25  and under the state and federal Constitution including, without limitation, the right
26  to be free from excessive force, the right to free speech, freedom of assembly and
27  freedom to redress grievances, the right to due process, and the right to bodily
28  integrity and protection from bodily harm, including his rights under Civil Code §

**PLAINTIFF'S COMPLAINT FOR DAMAGES**
*Flores v. City of Los Angeles, et al.*    V. James DeSimone, Esq.
Case No.: 2:21-cv-5387    Ryann E. Hall, Esq.

43, Penal Code §§ 149, 240, and 242, and his rights under the First and Fourth Amendments to the United States Constitution and  his rights under Article 1, Sections 1, 2, 3, 7 and/or 13 of the California Constitution.

74.   DEFENDANTS' conduct caused PLAINTIFF extreme physical injury, sickness and pain, mental anguish, and emotional suffering and distress.

75.   As a result of their conduct, DEFENDANTS are liable for Mr. FLORES' injuries, either because they were integral participants in the misconduct, or because they failed to intervene to prevent these violations, or under the doctrine of *respondeat superior*.

76.   As a direct and legal result of DEFENDANTS' acts and omissions, Mr. FLORES suffered damages, including, without limitation, pain and suffering, physical injuries and sickness, emotional distress, psychological injury, medical expenses, attorneys' fees, and costs of suit.

77.   PLAINTIFF is informed and believes, and thereon alleges, that the acts of the individual DEFENDANTS were willful, malicious, intentional, oppressive, reckless and/or were done with willful and conscious disregard of the rights, welfare, and safety of PLAINTIFF, thereby justifying the awarding of punitive and exemplary damages against all non-government entity defendants in an amount to be determined at time of trial.

78.   PLAINTIFF brings this claim seeking all damages under state law. PLAINTIFF also seeks reasonable attorneys' fees under this claim.

79.   Plaintiff seeks an award of reasonable attorneys' fees pursuant to Civil Code Section 52.1.

///

///

///

///

///

---

16

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

**FIFTH CAUSE OF ACTION**

**ASSAULT AND BATTERY (GOV. CODE § 820 and CALIFORNIA COMMON LAW)**

**(AGAINST ALL DEFENDANTS)**

80.   The allegations set forth in this complaint are hereby re-alleged and incorporated by reference.

81.   DEFENDANTS DOES 1-10 while working as Police Officers for the CITY Police Department and acting within the course and scope of their duties, wrongfully, unlawfully, intentionally, and violently assaulted and battered by recklessly operating a police vehicle when accelerating toward and running over Mr. FLORES, who sustained serious injurie as a result.

82.   DEFENDANTS DOES 1-10 caused Plaintiff to be touched with the intent to harm or offend him by driving the Police vehicle and striking him.

83.   DEFENDANTS DOES 1-10 also intentionally used unreasonable force against Mr. FLORES, including, but not limited to, accelerating towards protestors, hitting Mr. FLORES, running over his foot, and causing multiple immediate and long-lasting physical injury and mental and emotional distress when Mr. FLORES posed no threat to the officers or anyone else. DEFENDANTS left without medical or emergency care for PLAINTIFF as he got up and ran.

84.   As a direct and proximate result of DEFENDANTS' conduct as alleged above, Mr. FLORES was caused to suffer severe pain and suffering.

85.   LOS ANGELES CITY is vicariously liable for DEFENDANTS DOES' 1-10 wrongful acts pursuant to § 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

86.   PLAINTIFF is informed and believes and thereon alleges that the DEFENDANTS' conduct was malicious, wanton, oppressive, and accomplished

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

*Flores v. City of Los Angeles, et al.*                                    V. James DeSimone, Esq.
Case No.: 2:21-cv-5387                                                     Ryann E. Hall, Esq.

1   with a conscious disregard for the rights of Mr. FLORES, entitling Mr. FLORES to

2   an award of exemplary and punitive damages against all non-government entity

3   defendants in an amount to be determined at time of trial.

4        87.   As a result of their conduct, DEFENDANTS are liable for Mr.

5   FLORES's injuries, either because they were integral participants in the assault and

6   battery, or because they failed to intervene to prevent these violations, or under the

7   doctrine of *respondeat superior*.

8        88.   PLAINTIFF is seeking all damages under this claim.

9   **SIXTH CAUSE OF ACTION**

10  **NEGLIGENCE (GOV. CODE § 820 and CALIFORNIA COMMON LAW)**

11  **(AGAINST ALL DEFENDANTS)**

12       89.   PLAINTIFF re-alleges the information set forth in the preceding

13  paragraphs and incorporates them into this cause of action as if they were fully

14  alleged herein.

15       90.   The actions of DEFENDANT DOES 1 -10 toward Mr. FLORES were

16  negligent and reckless, including, but not limited to:

17      a.  The failure to properly and adequately assess the need to use excessive

18          force against PLAINTIFF;

19      b.  The failure to monitor and record any use of force by the CITY OF

20          LOS ANGELES, CHIEF MICHEL MOORE, including

21          DEFENDANTS DOES 1-10;

22      c.  The failure to monitor and record any injuries specifically caused by

23          the use of force by the CITY OF LOS ANGELES, CHIEF MICHEL

24          MOORE, including DEFENDANTS DOES 1-10;

25      d.  The negligent tactics and handling of the situation with PLAINTIFF;

26      e.  The negligent use of force against PLAINTIFF including, but not

27          limited to, driving a police SUV towards Mr. FLORES, running over

28          his foot, knocking him down, then abandoning him for him to get up

18

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

*Flores v. City of Los Angeles, et al.*         V. James DeSimone, Esq.
Case No.: 2:21-cv-5387         Ryann E. Hall, Esq.

and run away on his own;

    f.   The failure to properly train and supervise employees, both professional and non-professional, including DEFENDANTS DOES 1-10;

    g.   The failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect the rights of Mr. FLORES;

    h.   The failure to provide prompt medical care to Mr. FLORES; and

    i.   The negligent handling of evidence and witnesses.

91.   As a direct and proximate result of DEFENDANTS' conduct as alleged above, and other undiscovered negligent conduct, PLAINTIFF was caused to suffer severe pain and suffering, both physically and emotionally.

92.   In addition, at the aforementioned date, time and place, DEFENDANTS negligently, carelessly and without reasonable care, assaulted and violently battered PLAINTIFF.

93.   CITY OF LOS ANGELES is vicariously liable for the wrongful acts of DEFENDANTS pursuant to § 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

94.   The aforementioned acts and omissions of DEFENDANTS DOES 1-10 were committed by them knowingly, willfully and maliciously, with the intent to harm, injure, vex, harass and oppress PLAINTIFF, with conscious disregard to his known rights and deliberate indifference to the risk of injury to PLAINTIFF. By reason thereof, PLAINTIFF seeks punitive and exemplary damages from DEFENDANTS, and each of them, (except DEFENDANT CITY OF LOS ANGELES) in an amount as proved.

95.   DEFENDANTS CITY OF LOS ANGELES knew or reasonably

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

*Flores v. City of Los Angeles, et al.*                       V. James DeSimone, Esq.
Case No.: 2:21-cv-5387                            Ryann E. Hall, Esq.

should have known that DEFENDANTS DOES 1-10 would engage in such a violent misconduct against PLAINTIFF, during the course and scope of their employment, and that, as a direct and proximate result of those violations, PLAINTIFF would suffer injuries as alleged herein.

96.    DEFENDANTS had the authority to supervise, prohibit, control, and/or regulate DEFENDANT officers so as to prevent these acts and omissions from occurring.

97.    DEFENDANTS failed to exercise due care by hiring, retaining and failing to supervise, prohibit, control or regulate DEFENDANTS DOES 1-10.  As a direct and proximate result of DFEENDANTS' negligent hiring, retention and supervision, control and regulation of DEFENDANT officers, Mr. FLORES has suffered and continues to suffer injuries entitling him to damages in amounts to be proven at trial.

98.    By the aforesaid acts and omissions of DEFENDANTS, and each of them, Mr. FLORES has been directly and legally caused to suffer actual damages including, but not limited to, extreme pain and suffering both with regards to physical and mental suffering.

99.    As a further direct and legal result of the acts and conduct of DEFENDANTS, and each of them, as aforesaid, Mr. FLORES has been caused to and did suffer and continues to suffer severe emotional and mental distress, anguish, humiliation, embarrassment, fright, shock, pain, discomfort, anxiety, psychological harm, physical pain and suffering.  The exact nature and extent of said injuries is presently unknown to Mr. FLORES. PLAINTIFF does not know at this time the exact duration or permanence of said injuries but is informed and believes and thereon alleges that some, if not all, of the injuries are reasonably certain to be permanent in character.

100. As a result of their conduct, DEFENDANTS are liable for Mr. FLORES' injuries, either because they were integral participants in the assault and

1   battery, or because they failed to intervene to prevent these violations, or under the

2   doctrine of *respondeat superior*.

3        101.   PLAINTIFF is informed and believes, and thereon alleges, that the

4   DEFENDANTS, and each of them, by engaging in the aforementioned acts and/or

5   in authorizing and/or ratifying such acts, engaged in willful, malicious, intentional,

6   oppressive and despicable conduct, and acted with willful and conscious disregard

7   of the rights, welfare and safety of Mr. FLORES, thereby justifying the award of

8   punitive and exemplary damages in an amount to be determined at trial.

9        102.   PLAINTIFF is seeking all damages under this claim.

10   **<u>SEVENTH CAUSE OF ACTION</u>**

11   **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

12   **(AGAINST ALL DEFENDANTS)**

13        103.   The allegations set forth in this complaint are hereby re-alleged and

14   incorporated by reference.

15        104.   DEFENDANTS DOES 1-10 conduct as described above was extreme

16   and outrageous and was done with the intent of causing Mr. FLORES to suffer

17   emotional distress or with reckless disregard as to whether their conduct would

18   cause him to suffer such distress.

19        105.   By the aforesaid acts and omissions of DEFENDANT officers, and

20   each of them, Mr. FLORES has been directly and legally caused to suffer actual

21   damages including, but not limited to, extreme pain and suffering both with regards

22   to physical and mental suffering.

23        106.   As a further direct and legal result of the acts and conduct of

24   DEFENDANTS, and each of them, as aforesaid, Mr. FLORES has been caused to

25   and did suffer and continues to suffer physical pain and injury, severe emotional

26   and mental distress, anguish, humiliation, embarrassment, fright, shock, pain,

27   discomfort, anxiety, physical pain and suffering.  The exact nature and extent of

28   said injuries is presently unknown to Mr. FLORES.  PLAINTIFF does not know at

this time the exact duration or permanence of said injuries but is informed and believes, and thereon alleges, that some, if not all, of the injuries are reasonably certain to be permanent in character.

107.   As a result of their conduct, DEFENDANTS are liable for Mr. FLORES' injuries, either because they were integral participants in the assault and battery, or because they failed to intervene to prevent these violations, or under the doctrine of *respondeat superior*.

108.   PLAINTIFF is informed and believes, and thereon alleges, that the DEFENDANTS, and each of them, by engaging in the aforementioned acts and/or in authorizing and/or ratifying such acts, engaged in willful, malicious, intentional, oppressive and despicable conduct, and acted with willful and conscious disregard of the rights, welfare, and safety of Mr. FLORES, thereby justifying the award of punitive and exemplary damages in an amount to be determine at trial.

**SEVENTH CAUSE OF ACTION**

**EIGHTH INFLICTION OF EMOTIONAL DISTRESS**

**(AGAINST ALL DEFENDANTS)**

109.   The allegations set forth in this complaint are hereby re-alleged and incorporated by reference.

110.   In the alternative, DEFENDANTS DOES 1-10 conduct as described above was done in a careless or negligent manner, without consideration for the effect of such conduct upon Mr. FLORES' emotional well-being.

111.   By the aforesaid acts and omissions of DEFENDANT officers, and each of them, Mr. FLORES has been directly and legally caused to suffer actual damages including, but not limited to, extreme pain and suffering both with regards to physical and mental suffering.

112.   As a further direct and legal result of the acts and conduct of DEFENDANTS, and each of them, as aforesaid, Mr. FLORES has been caused to and did suffer and continues to suffer physical pain and injury, severe emotional

and mental distress, anguish, humiliation, embarrassment, fright, shock, pain, discomfort, anxiety, physical pain and suffering.  The exact nature and extent of said injuries is presently unknown to Mr. FLORES.  PLAINTIFF does not know at this time the exact duration or permanence of said injuries but is informed and believes, and thereon alleges, that some, if not all, of the injuries are reasonably certain to be permanent in character.

113.  As a result of their conduct, DEFENDANTS are liable for Mr. FLORES' injuries, either because they were integral participants in the assault and battery, or because they failed to intervene to prevent these violations, or under the doctrine of *respondeat superior*.

114.  PLAINTIFF is informed and believes, and thereon alleges, that the DEFENDANTS, and each of them, by engaging in the aforementioned acts and/or in authorizing and/or ratifying such acts, engaged in willful, malicious, intentional, oppressive and despicable conduct, and acted with willful and conscious disregard of the rights, welfare, and safety of Mr. FLORES, thereby justifying the award of punitive and exemplary damages in an amount to be determine at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, PLAINTIFF prays for judgment against DEFENDANTS CITY OF LOS ANGELES, CHIEF MICHEL MOORE, DOES 1-100, and each of them, as follows:

1.   For general economic and non-economic damages according to proof;
2.   For special damages according to proof;
3.   For punitive damages where allowed by law;
4.   For equitable relief;
5.   For prejudgment interest;
6.   For costs of suit incurred herein;
7.   For attorney's fees as allowed by law;
8.   For civil penalties as allowed by law;

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

*Flores v. City of Los Angeles, et al.*                                          V. James DeSimone, Esq.
Case No.: 2:21-cv-5387                                                          Ryann E. Hall, Esq.

1    9.    For such other and further relief as this Court deems just and proper,
2  and appropriate.

3

4

5  Date:  July 2, 2021                    **V. JAMES DESIMONE LAW**

6

7                                     By: _____

8                                        V. JAMES DESIMONE, ESQ.
                                          RYANN E. HALL, ESQ.
9

10                                       Attorneys for Plaintiff,
                                          GUSTAVO FLORES
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

*Flores v. City of Los Angeles, et al.*                    V. James DeSimone, Esq.
Case No.: 2:21-cv-5387                                      Ryann E. Hall, Esq.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all claims.

Date: July 2, 2021                    **V. JAMES DESIMONE LAW**


By: _____
           V. JAMES DESIMONE, ESQ.
           RYANN E. HALL, ESQ.

           Attorneys for Plaintiff,
           GUSTAVO FLORES

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

*Flores v. City of Los Angeles, et al.*                    V. James DeSimone, Esq.
Case No.: 2:21-cv-5387                                     Ryann E. Hall, Esq.